UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICKEY LONIELLO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No: 15 CV 7832 |
| ) | |
| DR. SALEH OBAISI; ) | Judge Coleman |
| WEXFORD HEALTH SOURCES, INC.; ) | |
| WARDEN TARRY WILLIAMS; ) | |
| ASSISTANT WARDEN LAMB; and ) | |
| OFFICER JACKSON. ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, Mickey Loniello Jr., by and through his attorney, David S. Lipschultz, and complaining against Defendants Dr. Saleh Obaisi; Wexford Health Sources, Inc.; Warden Tarry Williams; Assistant Warden Lamb; and Officer Jackson; states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution and 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871) to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343 and §1331.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this district.

### PARTIES

4. Mickey Loniello Jr., Plaintiff, was confined, at all times relevant in this Complaint, at Stateville Correctional Center, an Illinois Department of Corrections facility.

5. Defendant, Dr. Saleh Obaisi, oversaw the care of Mr. Loniello as the Medical Director at Stateville Correctional Center ("Stateville"). Dr. Obaisi is an employee of Defendant Wexford Health Sources, Inc., and is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Dr. Obaisi was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6. Defendant Wexford Health Source, Inc. ("Wexford") is a Pennsylvania corporation that provides healthcare professionals and services to correctional facilities, including Stateville (and other Illinois correctional centers). Wexford was the provider of healthcare to the Plaintiff, Mr. Loniello, at Stateville at all times relevant. Wexford employs Dr. Obaisi as the Medical Director of Stateville.

7. Defendant Warden Tarry Williams was, at all times relevant, the Warden of Stateville. Warden Williams is sued in his individual and official capacities. At the time of the incidents at issue in this Complaint, Dr. Obaisi was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

8. Defendant Assistant Warden Lamb was, at all times relevant, an Assistant Warden of Stateville. Warden Lamb is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Warden Lamb was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

9. Defendant Officer Jackson was, at all times relevant, a correctional officer at Stateville. Officer Jackson can be identified based on the fact that she worked in proximity to the Plaintiff, at the times complained of, on the 7:00 a.m. to 3:00 p.m. shift. Officer Jackson is sued in her individual capacity. At the time of the incidents at issue in this Complaint, Officer

Jackson was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

## FACTUAL ALLEGATIONS

10. All five Defendants — individually and collectively — caused the Plaintiff to lose vision in his right eye, as supported by the following allegations of fact.

11. On May 19, 2015, Mr. Loniello arrived at Stateville and was incarcerated there.

12. That day, Mr. Loniello was provided with dirty and wet bedding supplies. Mr. Loniello asked a correctional officer for adequate bedding supplies; the officer denied this request.

13. The next morning, on May 20, 2015, Mr. Loniello awoke with his right eye irritated. Mr. Loniello asked Officer Jackson for medical care. Officer Jackson denied his request. Later that night, Mr. Loniello informed a female nurse, who was distributing medications, that there was a serious problem with his right eye. The nurse refused to arrange medical care for Mr. Loniello.

14. For three days the Plaintiff asked nearly every officer and nurse he saw for medical attention. Those requests were denied.

15. During this time, both of Mr. Loniello's eyes were swollen shut.

16. On May 23, 2015, in the night, a nurse escorted Plaintiff to Stateville's health care unit. Due to the severity of his eye problem, staff in the health care unit immediately transported Mr. Loniello to St. Joseph Hospital.

17. St. Joseph Hospital medical personnel diagnosed Plaintiff with a serious eye infection.

18. On May 24, 2015, a Sunday, St. Joseph Hospital medical professionals discharged Plaintiff back to Stateville and informed Dr. Obaisi and others that St. Joseph Hospital was not able to treat Mr. Loniello's eye issues. St. Joseph informed Dr. Obaisi and others that Plaintiff needed immediate ophthalmological treatment.

19. Instead of providing immediate ophthalmologic treatment, Dr. Obaisi and others erroneously sent Plaintiff back to St. Joseph Hospital, which sent him right back to Stateville.

20. Over the Memorial Day weekend Plaintiff complained in person to Assistant Warden Lamb about the denial of medical care for his eyes. Warden Lamb did not arrange for Mr. Loniello to obtain medical care.

21. On or about May 28, 2015, Mr. Loniello was transferred and admitted to University of Illinois at Chicago Hospital ("UIC") for eye treatment.

22. On or about June 2, 2015, UIC medical personnel discharged Plaintiff. Upon discharge UIC medical personnel handed the Stateville correctional officers (who were escorting Mr. Loniello to and from the hospital) prescriptions for medications for Plaintiff's eye. Those officers later handed the prescriptions to a nurse at Stateville.

23. However, from the remainder of June 2 through approximately June 5, 2015, Dr. Obaisi did not provide Plaintiff with his prescribed medications.

24. On June 5, 2015, a doctor at UIC told Plaintiff that since he was not receiving his medications at Stateville he was going to "lose" his right eye. The doctor wrote additional prescriptions for the Plaintiff and handed them to the Stateville officers escorting Plaintiff.

25. On June 7, 2015, Plaintiff obtained the prescribed medications.

26. Later, UIC medical personnel informed Plaintiff that he needed a cornea transplant.

27. Mr. Loniello filed several grievances and medical request slips with Warden Williams and Dr. Obaisi complaining of, and seeking, medical care.

28. Mr. Loniello currently is unable to see out of his right eye.

29. It is in this manner that Dr. Obaisi, Wexford, Warden Williams, Assistant Warden Lamb, and Officer Jackson caused the Plaintiff to lose vision in his right eye and to suffer related damages.

## COUNT I

### *VIOLATION OF 42 U.S.C. 1983: DENIAL OF TIMELY MEDICAL TREATMENT AGAINST DR. SALEH OBAISI*

30. Plaintiff re-alleges Paragraphs 1 through 29 as if fully set forth herein.

31. Dr. Obaisi knew that Plaintiff required immediate and ongoing medical services for his right eye infection, yet Dr. Obaisi denied Plaintiff those services.

32. Dr. Obaisi acted with deliberate indifference by failing to properly treat Mr. Loniello for his eye infection.

33. By failing to properly treat Mr. Loniello, Dr. Obaisi acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

34. As a direct and proximate result of the acts and omissions of Dr. Obaisi, Plaintiff was denied timely treatment and suffered significant injury and damages.

35. As a direct and proximate result of the acts and omissions of Dr. Obaisi, Plaintiff was denied adequate treatment and suffered significant injury and damages.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Dr. Saleh Obaisi, and to award Plaintiff compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT II

### *VIOLATION OF 42 U.S.C. 1983: DENIAL OF TIMELY MEDICAL TREATMENT AGAINST WARDEN TARRY WILLIAMS*

36. Plaintiff re-alleges Paragraphs 1 through 29 as if fully set forth herein.

37. Warden Williams knew that Plaintiff required immediate and ongoing medical services for his right eye infection, yet Warden Williams denied Plaintiff those services.

38. Warden Williams acted with deliberate indifference by failing to properly arrange medical care for Mr. Loniello for his eye infection.

39. By failing to adequately treat Mr. Loniello, Warden Williams acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

40. As a direct and proximate result of the acts and omissions of Warden Williams, Plaintiff was denied timely treatment and suffered significant injury and damages.

41. Warden Williams acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

42. As a direct and proximate result of the acts and omissions of Warden Williams, Plaintiff was denied adequate treatment and suffered significant injury and damages.

43. Pursuant to the Illinois Administrative Code, Warden Williams was mandated to review and respond properly to all grievances relating to medical care and treatment submitted by the Plaintiff. Warden Williams failed that mandate.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Warden Tarry Williams, and to award Plaintiff compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT III

### *VIOLATION OF 42 U.S.C. 1983: DENIAL OF TIMELY MEDICAL TREATMENT AGAINST ASSISTANT WARDEN LAMB*

44. Plaintiff re-alleges Paragraphs 1 through 29 as if fully set forth herein.

45. Warden Lamb knew that Plaintiff required immediate and ongoing medical services for his right eye infection yet Warden Lamb denied Plaintiff those services.

46. Warden Lamb acted with deliberate indifference by failing to properly arrange medical care for Mr. Loniello for his eye infection.

47. By failing to properly arrange medical care for Mr. Loniello, Warden Lamb acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

48. As a direct and proximate result of the acts and omissions of Warden Lamb, Plaintiff was denied timely treatment and suffered significant injury and damages.

49. Warden Lamb acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

50. As a direct and proximate result of the acts and omissions of Warden Lamb, Plaintiff was denied adequate treatment and suffered significant injury and damages.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Assistant Warden Lamb, and to award Plaintiff compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT IV

### *VIOLATION OF 42 U.S.C. 1983: DENIAL OF TIMELY MEDICAL TREATMENT AGAINST OFFICER JACKSON*

51. Plaintiff re-alleges Paragraphs 1 through 29 as if fully set forth herein.

52. Officer Jackson knew that Plaintiff required immediate and ongoing medical services for his right eye infection yet Officer Jackson denied Plaintiff those services.

53. Officer Jackson acted with deliberate indifference by failing to properly arrange medical care for Mr. Loniello for his eye infection.

54. By failing to properly arrange medical care for Mr. Loniello, Officer Jackson acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

55. As a direct and proximate result of the acts and omissions of Officer Jackson, Plaintiff was denied adequate treatment and suffered significant injury and damages.

56. Officer Jackson acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

57. As a direct and proximate result of the acts and omissions of Officer Jackson, Plaintiff was denied timely treatment and suffered significant injury and damages.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Officer Jackson, and to award Plaintiff compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT V

***VIOLATION OF 42 U.S.C. 1983: MONELL* POLICY, CUSTOM & PRACTICE CLAIM FAILURE TO ADEQUATELY TREAT PRISONERS WITH EYE DISEASES**
***AGAINST WEXFORD HEALTH SOURCES, INC.***

58. Plaintiff re-alleges Paragraphs 1 through 29 as if fully set forth herein.

59. Wexford maintains a policy, custom and practice of denying adequate medical attention, care and treatment for inmates with eye diseases and illnesses.

60. Wexford can be held liable for Mr. Loniello's claims because Dr. Obaisi's and Wexford's constitutional violations against Mr. Loniello were caused by an official Wexford

corporate policy that fails to provide adequate and critical ophthalmological services to prisoners with eye diseases and illnesses.

61. This corporate policy was the moving force behind the constitutional deprivation experienced by Mr. Loniello.

62. There are numerous other prisoners who were and are incarcerated in Stateville who have suffered from Wexford's policies.

63. Elements of Wexford's policy, custom and practice of denying adequate medical attention, care and treatment for inmates with eye diseases and illnesses include but are not limited to:

    a. Refusing to examine Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;

    b. Refusing to diagnose Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;

    c. Refusing to provide adequate medical care and treatment for Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;

    d. Refusing to provide adequate access to outside ophthalmologists to Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;

    e. Refusing to provide adequate delivery of eye medications to Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness; and,

    f. Training its staff to deny adequate medical attention, care and treatment for inmates with eye disease and illness.

64. Dr. Obaisi and other Wexford employees who encountered Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness were acting in the ordinary course of their employment, and within the scope of their employment, with Wexford.

65. Because Wexford intentionally and knowingly maintains a policy, custom and practice of denying adequate medical attention, care and treatment to Mr. Loniello and other inmates with eye diseases and illnesses, that policy constitutes deliberate indifference in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Wexford Health Sources, Inc., and to award Plaintiff proper relief, attorney's fees, and costs.

## COUNT VI
## WILLFUL AND WANTON CONDUCT
*AGAINST ALL DEFENDANTS*

66. Plaintiff re-alleges Paragraphs 1 through 29 as if fully set forth herein.

67. Defendants Dr. Saleh Obaisi, Wexford Health Sources, Inc., Warden Tarry Williams, Assistant Warden Lamb, and Officer Jackson had a duty to provide Mr. Loniello with basic and essential medical services for his eye illness.

68. The Defendants breached that duty by committing acts or omissions of willful and wanton conduct, showing actual or deliberate intent to harm and/or utter indifference to or conscious disregard for the safety of the Mr. Loniello and others, including but not limited to:

   a. Refusing to examine Mr. Loniello concerning his complaints of eye disease or illness;

   b. Refusing to diagnose Mr. Loniello concerning his complaints of eye disease or illness;

    c. Refusing to provide adequate medical care and treatment for Mr. Loniello concerning his complaints of eye disease or illness;

    d. Refusing to provide adequate access to outside ophthalmologists to Mr. Loniello concerning his complaints of eye disease or illness;

    e. Refusing to provide adequate delivery of eye medications to Mr. Loniello concerning their complaints of eye disease or illness; and,

    f. Training its staff to deny adequate medical attention, care and treatment for Mr. Loniello's eye diseases and illnesses.

69. As a direct and proximate cause of one or more of the aforesaid willful and wanton acts and/or omissions by all Defendants, Mr. Loniello suffered injuries including, but not limited to, physical injuries, pain and suffering, emotional anguish, and monetary loss and expenses.

WHEREFORE the Plaintiff, Mickey Loniello Jr., prays for judgment against the Defendants, actual and compensatory damages, punitive damages, attorney's fees, expenses and costs and such other and additional relief as this Court deems equitable and just.

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully submitted,

/s/ *David S. Lipschultz*
David S. Lipschultz

David S. Lipschultz
Atty. No. 6277910
Goldberg Weisman Cairo
One East Wacker, 38th Floor
Chicago, IL 60601
(312) 464-1200

[1270444/1]    11