IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mikey D. Loniello Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 15 CV 7832 |
| | ) | |
| DR. SALEH OBAISI, | ) | Honorable Sharon Johnson Coleman |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| WARDEN TARRY WILLIAMS, ASSISTANT | ) | **JURY TRIAL DEMANDED** |
| WARDEN LAMB; and OFFICER JACKSON, | ) | |
| Defendants. | ) | |

### DEFENDANT DR. OBAISI'S
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Dr. Saleh Obaisi, by his counsel, Cunningham, Meyer & Vedrine, P.C., and for his Answer to Plaintiff's Second Complaint at Law, states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution and 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871) to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

**ANSWER:** Admit that Plaintiff has brought this action pursuant to Section 1983 and Section 1988. Deny all remaining allegations.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343 and §1331.

**ANSWER:** Admit, but deny that Defendant has violated Plaintiff's constitutional rights or that Defendant is liable to Plaintiff whatsoever.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this district.

**ANSWER: Admit that this Court has venue to hear Plaintiff's purported claims. Deny all remaining allegations.**

4. Mickey Loniello Jr., Plaintiff, was confined, at all times relevant in this Complaint, at Stateville Correctional Center, an Illinois Department of Corrections facility.

**ANSWER: Admit that Plaintiff was, at times, incarcerated at Stateville Correctional Center and that Stateville Correctional Center is an IDOC facility. Defendant does not have sufficient information to admit or deny the remaining allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and deny that he is liable to Plaintiff whatsoever.**

5. Defendant, Dr. Saleh Obaisi, oversaw the care of Mr. Loniello as the Medical Director at Stateville Correctional Center ("Stateville"). Dr. Obaisi is an employee of Defendant Wexford Health Sources, Inc., and is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Dr. Obaisi was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

**ANSWER: Admit that Dr. Obaisi is an employee of Wexford and is sued in his individual capacity. Further admit that Dr. Obaisi is the current Medical Director at Stateville Correctional Center. Deny that the allegations represent an accurate or complete description of the duties and responsibilities of Dr. Obaisi generally or as to Plaintiff specifically, and deny all remaining allegations.**

6. Defendant Wexford Health Source, Inc. ("Wexford") is a Pennsylvania corporation that provides healthcare professionals and services to correctional facilities, including Stateville (and other Illinois correctional centers). Wexford was the provider of healthcare to the Plaintiff, Mr. Loniello, at Stateville at all times relevant. Wexford employs Dr. Obaisi as the Medical Director of Stateville.

**ANSWER: Defendant admits that Wexford has its headquarters in Pennsylvania and that provides certain healthcare services to IDOC and Stateville Correctional Center pursuant to contract. Defendant denies that the allegations represent an accurate and complete description of the duties and responsibilities of Wexford Health Sources, Inc., under the aforementioned contract or with respect to Plaintiff. Defendant admits that he is employed by Wexford Health Sources, and that he is the Medical Director of Stateville Correctional Center. Deny all remaining allegations.**

7. Defendant Warden Tarry Williams was, at all times relevant, the Warden of Stateville. Warden Williams is sued in his individual and official capacities. At the time of the incidents at issue in this Complaint, Dr. Obaisi was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

**ANSWER: Admit that Warden Williams is sued in his individual and official capacities. With the assumption that "Dr. Obaisi" is a misnomer for Warden Williams in this paragraph, Defendant does not have sufficient information to admit or deny the remaining allegations in this paragraph.**

8. Defendant Assistant Warden Lamb was, at all times relevant, an Assistant Warden of Stateville. Warden Lamb is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Warden Lamb was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

**ANSWER: Admit that Warden Lamb is sued in his individual capacity. Defendant does not have sufficient information to admit or deny the remaining allegations in this paragraph.**

9. Defendant Officer Jackson was, at all times relevant, a correctional officer at Stateville. Officer Jackson can be identified based on the fact that she worked in proximity to the Plaintiff, at the times complained of, on the 7:00 a.m. to 3:00 p.m. shift. Officer Jackson is sued in her individual capacity. At the time of the incidents at issue in this Complaint, Officer Jackson was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

**ANSWER: Admit that Officer Jackson is sued in her individual capacity. Defendant does not have sufficient information to admit or deny the remaining allegations in this paragraph.**

10. All five Defendants — individually and collectively — caused the Plaintiff to lose vision in his right eye, pursuant to these allegations.

**ANSWER: Deny.**

## FACTUAL ALLEGATIONS

11. On May 19, 2015, Mr. Loniello was incarcerated at Stateville.

**ANSWER: Admit that Mr. Loniello was incarcerated at Stateville Northern Reception and Classification Center on May 19, 2015. Deny all remaining allegations.**

12. That day, Mr. Loniello was provided with dirty and wet bedding supplies. Mr. Loniello asked a correctional officer for adequate bedding supplies; the officer denied this request.

**ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and deny that they are liable to Plaintiff whatsoever.**

13. The next morning, on May 20, 2015, Mr. Loniello awoke with his right eye irritated. Mr. Loniello asked Officer Jackson for medical care. Officer Jackson denied his request. Later that night, Mr. Loniello informed a female nurse, who was distributing medications, that there was a serious problem with his right eye. The nurse refused to arrange medical care for Mr. Loniello.

**ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

14. For three days the Plaintiff asked nearly every officer and nurse he saw for medical attention. Those requests were denied.

**ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

15. During this time, both of Mr. Loniello's eyes were swollen shut.

**ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

16. On May 23, 2015, in the night, a nurse escorted Plaintiff to Stateville's health care unit. A different nurse examined Mr. Loniello's eye using an officer's flashlight.

**ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

17. That examining nurse then called Dr. Obaisi by telephone in Mr. Loniello's presence. The nurse described Mr. Loniello's eye condition to Dr. Obaisi. After the call ended the same nurse informed Mr. Loniello that Dr. Obaisi ordered him to be transferred to St. Joseph Medical Center in Joliet ("St. Joseph"), due to the severity of his eye problem.

**ANSWER: Deny.**

18. Warden Williams approved Mr. Loniello's transfer to St. Joseph.

**ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

19. During an overnight stay, St. Joseph medical personnel diagnosed Mr. Loniello with a serious eye infection. However, St. Joseph medical professionals did not have the ophthalmological expertise to treat Mr. Loniello.

**ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

20. On May 24, 2015, St. Joseph medical professionals discharged Plaintiff back to Stateville and informed Dr. Obaisi and others that St. Joseph was not able to treat Mr. Loniello's eye issues. St. Joseph informed Dr. Obaisi and others that Plaintiff needed immediate ophthalmological treatment.

**ANSWER: Admit that St. Joseph discharged Plaintiff on May 24, 2015. Deny that St. Joseph informed Dr. Obaisi of issues or treatment. Defendant does not have sufficient**

**information to admit or deny the remaining allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

21. From Ma[]y 24 through May 26, 2015, Dr. Obaisi and Warden Williams failed to secure the immediate ophthalmological treatment ordered by St. Joseph for Mr. Loniello. During this time period, Plaintiff complained in person to Assistant Warden Lamb about the denial of medical care for his eyes. Warden Lamb did not arrange for Mr. Loniello to obtain medical care.

**ANSWER: Deny these allegations to the extent they pertain to Dr. Obaisi. Defendant does not have sufficient information to admit or deny the remaining allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

22. On May 26, 2015, a health care provider at Stateville informed Dr. Obaisi that Mr. Loniello must be taken to a hospital for immediate ophthalmologic care. In response, Dr. Obaisi arranged for Plaintiff to be transported to St. Joseph– even though it was now known to Dr. Obaisi and Warden Williams that St. Joseph did not have the proper ophthalmological medical care providers for Mr. Loniello's medical needs. Soon after arriving at St. Joseph Mr. Loniello was transferred to University of Illinois at Chicago's eye clinic ("UIC").

**ANSWER: Deny these allegations to the extent that they pertain to Dr. Obaisi. Defendant does not have sufficient information to admit or deny the remaining allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

23. On May 28, 2015, UIC medical personnel discharged Plaintiff. Upon discharge UIC medical personnel handed the Stateville correctional officers (who were escorting Mr. Loniello to and from the hospital) prescriptions for medications for Plaintiff's eye. Those officers later handed the prescriptions to a nurse at Stateville.

**ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

24. However, for several days in early June, Dr. Obaisi did not provide Plaintiff with his prescribed medications.

  **ANSWER:** **Deny all allegations and predicate allegations.**

25. On June 1, 2015, during this time period without eye medications, Mr. Loniello informed one of Dr. Obaisi's nurses that he did not have his medications.

  **ANSWER:** **Defendant denies Plaintiff's characterization that he informed "one of Dr. Obaisi's nurses." Defendant does not have sufficient information to admit or deny the remaining allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

26. On or about June 5, 2015, Mr. Loniello was transported from Stateville to the UIC eye clinic.

  **ANSWER:** **Admit that Loniello was transported from Stateville NRC to the UIC eye clinic on June 5, 2015. Deny all remaining allegations and deny that Defendant is liable to Plaintiff whatsoever.**

27. A doctor at UIC informed Mr. Loniello that since he was not receiving his medications at Stateville he was going to "lose" his right eye. The doctor wrote additional prescriptions for the Plaintiff and handed them to the Stateville officers escorting Plaintiff.

  **ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

28. Later, UIC medical personnel informed Mr. Loniello that he needed a cornea transplant.

  **ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

29. Dr. Obaisi did not act in a proper manner to ensure that Mr. Loniello obtained the transplant.

  **ANSWER: Deny.**

7

30. Mr. Loniello filed several grievances and medical request slips with Warden Williams and Dr. Obaisi complaining of, and seeking, medical care.

**A ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

31. Mr. Loniello currently is unable to see out of his right eye.

**ANSWER: Defendant does not have sufficient information to admit or deny the allegations contained in this paragraph, but denies them to the extent that they are inconsistent with Plaintiff's medical or prison records, and denies that he is liable to Plaintiff whatsoever.**

32. It is in this and other manners by which Dr. Obaisi, Wexford, Warden Williams, Assistant Warden Lamb, and Officer Jackson caused the Plaintiff to lose vision in his right eye and to suffer related damages.

**ANSWER: Defendant denies all allegations and predicate allegations in this paragraph to the extent that this paragraph relates to him.**

## COUNT I

### VIOLATION OF 42 U.S.C. 1983:
### DENIAL OF TIMELY MEDICAL TREATMENT
### AGAINST DR. SALEH OBAISI

33. Plaintiff re-alleges Paragraphs 1 through 32 as if fully set forth herein.

**ANSWER: Defendant incorporates his answers to Paragraphs 1 through 32 as if fully set forth herein.**

34. Dr. Obaisi knew that Plaintiff required immediate and ongoing medical services for his right eye infection, yet Dr. Obaisi denied Plaintiff those services.

**ANSWER: Deny.**

35. Dr. Obaisi acted with deliberate indifference by failing to properly treat Mr. Loniello for his eye infection.

**ANSWER: Deny.**

8

36. By failing to properly treat Mr. Loniello, Dr. Obaisi acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

    **ANSWER:**     Deny.

37. As a direct and proximate result of the acts and omissions of Dr. Obaisi, Plaintiff was denied timely treatment and suffered significant injury and damages.

    **ANSWER:**     Deny.

38. As a direct and proximate result of the acts and omissions of Dr. Obaisi, Plaintiff was denied adequate treatment and suffered significant injury and damages.

    **ANSWER:**     Deny.

WHEREFORE, Defendant, Saleh Obaisi, requests that this Honorable Court award him judgment and against Plaintiff, award Defendant his costs, and provide such other and further relief that this Court deems just.

**COUNT II**
**VIOLATION OF 42 U.S.C. 1983:**
**DENIAL OF TIMELY MEDICAL TREATMENT**
**AGAINST WARDEN TARRY WILLIAMS**

As Count II does not pertain to the answering Defendant, Defendant makes no specific response thereto. To the extent that a response is required, Defendant denies any and all allegations pertaining to him, denies that Defendant is in any respect liable to Plaintiff, and denies that Plaintiff is entitled to any relief from him.

**COUNT III**
**VIOLATION OF 42 U.S.C. 1983:**
**DENIAL OF TIMELY MEDICAL TREATMENT**
**AGAINST WARDEN LAMB**

As Count III does not pertain to the answering Defendant, Defendant makes no specific response thereto. To the extent that a response is required, Defendant denies any and all allegations pertaining to him, denies that Defendant is in any respect liable to Plaintiff, and denies that Plaintiff is entitled to any relief from him.

## COUNT IV
## VIOLATION OF 42 U.S.C. 1983:
## DENIAL OF TIMELY MEDICAL TREATMENT
## AGAINST OFFICER JACKSON

As Count IV does not pertain to the answering Defendant, Defendant makes no specific response thereto. To the extent that a response is required, Defendant denies any and all allegations pertaining to him, denies that Defendant is in any respect liable to Plaintiff, and denies that Plaintiff is entitled to any relief from him.

## COUNT V
## VIOLATION OF 42 U.S.C. 1983:
## MONELL POLICY, CUSTOM & PRACTICE CLAIM
## FAILURE TO ADEQUATELY TREAT PRISONERS WITH EYE DISEASES
## AGAINST WEXFORD HEALTH SOURCES, INC.

As Count IV does not pertain to the answering Defendant, Defendant makes no specific response thereto. To the extent that a response is required, Defendant denies any and all allegations pertaining to him, denies that Defendant is in any respect liable to Plaintiff, and denies that Plaintiff is entitled to any relief from him.

## COUNT VI
## WILLFUL AND WANTON CONDUCT
## AGAINST ALL DEFENDANTS

As Defendant is concurrently filing a motion to dismiss with respect to Count VI, no response is made hereto.

## GENERAL DENIAL

Defendant denies each and every allegation explicitly or implicitly asserted by Plaintiff, except those which have been specifically been admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

To the extent that the Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are limited or barred by the Prison Litigation Reform Act (42 U.S.C. § 1997).

## SECOND AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiff had a duty to mitigate his claimed damages. Accordingly, to the extent Plaintiff could have prevented any injury by taking reasonable actions under the circumstances he should be precluded from recovering damages for that injury.

### Prayer for Relief

WHEREFORE, Defendant requests that this Honorable Court dismiss Plaintiff's complaint with prejudice, allows Defendant to recover his reasonable attorney's fees and costs of suit, and provide such other and further relief as this Court may deem necessary and just.

### Jury Demand

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by a jury on all issues so triable.

        Respectfully submitted,
        CUNNINGHAM, MEYER & VEDRINE, P.C.

        By: /s/ Chad M. Skarpiak
            One of the Attorneys for Defendant

Michael R. Slovis
Michael F. Compton
Chad M. Skarpiak
CUNNINGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049
cskarpiak@cmvlaw.com

### Certificate of Service

The undersigned attorney hereby certifies that on March 17, 2017, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

        /s/ Chad M. Skarpiak