UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICKEY LONIELLO, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 15 cv 7832 |
| | ) | |
| GHALIAH OBAISI, Independent Executor | ) | Judge Sharon Johnson Coleman |
| of the Estate of DR. SALEH OBAISI, Deceased; | ) | |
| WEXFORD HEALTH SOURCES, INC; | ) | |
| and OFFICER TASHA JACKSON; | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| Defendants. | ) | |

## FIFTH AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, Mickey Loniello Jr., by and through his attorney, David S. Lipschultz, and complaining against Defendants Ghaliah Obaisi, Independent Executor of the Estate of Dr. Saleh Obaisi, Deceased; Wexford Health Sources, Inc.; and Officer Tasha Jackson; states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution and 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871) to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this district.

## PARTIES

4. Mickey Loniello Jr., Plaintiff, was confined, at all times relevant in this

Complaint, at Stateville Correctional Center, an Illinois Department of Corrections facility.

5. Defendant, Ghaliah Obaisi, Independent Executor of the Estate of Dr. Saleh Obaisi, Deceased, is the administrator of the estate of Dr. Obaisi. Dr. Saleh Obaisi ("Dr. Obaisi"), oversaw the care of Mr. Loniello as the Medical Director at Stateville Correctional Center ("Stateville"). Dr. Obaisi was an employee of Defendant Wexford Health Sources, Inc., and is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Dr. Obaisi was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6. Defendant Wexford Health Source, Inc. ("Wexford") is a Pennsylvania corporation that provides healthcare professionals and services to correctional facilities, including Stateville (and other Illinois correctional centers). Wexford was the provider of healthcare to the Plaintiff, Mr. Loniello, at Stateville at all times relevant. Wexford employed Dr. Obaisi as the Medical Director of Stateville. Wexford was the employer of the other doctors, nurses and medical staff who treated Mr. Loniello.

7. Defendant Officer Tasha Jackson ("Ms. Jackson") was, at all times relevant, a correctional officer at Stateville. Officer Jackson can be identified based on the fact that she worked in proximity to the Plaintiff, at the times complained of, on the 7:00 a.m. to 3:00 p.m. shift. Officer Jackson is sued in her individual capacity. At the time of the incidents at issue in this Complaint, Officer Jackson was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

8. All Defendants — individually and collectively — caused the Plaintiff to lose vision in his right eye, pursuant to these allegations.

**FACTUAL ALLEGATIONS**

9. On May 19, 2015, Mr. Loniello was incarcerated at Stateville.

10. That day, Mr. Loniello was provided with dirty and wet bedding supplies. Mr. Loniello asked a correctional officer for adequate bedding supplies; the officer denied this request.

11. The next morning, on May 20, 2015, Mr. Loniello awoke with his right eye irritated. Mr. Loniello asked Officer Jackson for medical care. Officer Jackson denied his request. Later that night, Mr. Loniello informed a female nurse, who was distributing medications, that there was a serious problem with his right eye. The nurse refused to arrange medical care for Mr. Loniello.

12. For three days the Plaintiff asked nearly every officer and nurse he saw for medical attention. Those requests were denied.

13. During this time, both of Mr. Loniello's eyes were swollen shut.

14. On May 23, 2015, in the night, a nurse escorted Plaintiff to Stateville's health care unit. A different nurse examined Mr. Loniello's eye using an officer's flashlight.

15. That examining nurse then called Dr. Obaisi by telephone in Mr. Loniello's presence. The nurse described Mr. Loniello's eye condition to Dr. Obaisi. After the call ended the same nurse informed Mr. Loniello that Dr. Obaisi ordered him to be transferred to St. Joseph Medical Center in Joliet ("St. Joseph"), due to the severity of his eye problem

16. Warden Tarry Williams ("Warden Williams") of Stateville approved Mr. Loniello's transfer to St. Joseph.

17. During an overnight stay, St. Joseph medical personnel diagnosed Mr. Loniello with a serious eye infection. However, St. Joseph medical professionals did not have the

ophthalmological expertise to treat Mr. Loniello.

18. On May 24, 2015, St. Joseph medical professionals discharged Plaintiff back to Stateville and informed Dr. Obaisi and others that St. Joseph was not able to treat Mr. Loniello's eye issues. St. Joseph informed Dr. Obaisi and others that Plaintiff needed immediate ophthalmological treatment.

19. From May 24 through May 26, 2015, Dr. Obaisi and Warden Williams failed to secure the immediate ophthalmological treatment ordered by St. Joseph for Mr. Loniello. During this time period, Plaintiff complained in person to Assistant Warden Lamb ("Warden Lamb") of Stateville about the denial of medical care for his eyes. Warden Lamb did not arrange for Mr. Loniello to obtain medical care.

20. On May 26, 2015, a health care provider at Stateville informed Dr. Obaisi that Mr. Loniello must be taken to a hospital for immediate ophthalmologic care. In response, Dr. Obaisi arranged for Plaintiff to be transported to St. Joseph– even though it was now known to Dr. Obaisi and Warden Williams that St. Joseph did not have the proper ophthalmological medical care providers for Mr. Loniello's medical needs. Soon after arriving at St. Joseph, Mr. Loniello was transferred to University of Illinois at Chicago's eye clinic ("UIC").

21. On May 28, 2015, UIC medical personnel discharged Plaintiff. Upon discharge UIC medical personnel handed the Stateville correctional officers (who were escorting Mr. Loniello to and from the hospital) prescriptions for medications for Plaintiff's eye. Those officers later handed the prescriptions to a nurse at Stateville.

22. However, for several days in early June, Dr. Obaisi did not provide Plaintiff with his prescribed medications.

23. On June 1, 2015, during this time period without eye medications, Mr. Loniello

informed one of Dr. Obaisi's nurses that he did not have his medications.

24. On or about June 5, 2015, Mr. Loniello was transported from Stateville to the UIC eye clinic.

25. A doctor at UIC informed Mr. Loniello that since he was not receiving his medications at Stateville he was going to "lose" his right eye. The doctor wrote additional prescriptions for the Plaintiff and handed them to the Stateville officers escorting Plaintiff.

26. Later, UIC medical personnel informed Mr. Loniello that he needed a cornea transplant.

27. Dr. Obaisi did not act in a proper manner to ensure that Mr. Loniello obtained the transplant.

28. Mr. Loniello filed several grievances and medical request slips with Warden Williams and Dr. Obaisi complaining of, and seeking, medical care.

29. Mr. Loniello currently is unable to see out of his right eye.

30. It is in this and other manners by which the Defendants caused the Plaintiff to lose vision in his right eye and to suffer related damages.

## COUNT I

### VIOLATION OF 42 U.S.C. 1983:
### DENIAL OF TIMELY MEDICAL TREATMENT
### AGAINST GHALIAH OBAISI, INDEPENDENT EXECUTOR

31. Plaintiff re-alleges Paragraphs 1 through 30 as if fully set forth herein.

32. Dr. Obaisi knew that Plaintiff required immediate and ongoing medical services for his right eye infection, yet Dr. Obaisi denied Plaintiff those services.

33. Dr. Obaisi acted with deliberate indifference by failing to properly treat Mr. Loniello for his eye infection.

34. By failing to properly treat Mr. Loniello, Dr. Obaisi acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

35. As a direct and proximate result of the acts and omissions of Dr. Obaisi, Plaintiff was denied timely treatment and suffered significant injury and damages.

36. As a direct and proximate result of the acts and omissions of Dr. Obaisi, Plaintiff was denied adequate treatment and suffered significant injury and damages.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Ghaliah Obaisi, Independent Executor of the Estate of Dr. Saleh Obaisi, Deceased, and to award Plaintiff compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT II

### VIOLATION OF 42 U.S.C. 1983: DENIAL OF TIMELY MEDICAL TREATMENT AGAINST OFFICER TASHA JACKSON

37. Plaintiff re-alleges Paragraphs 1 through 30 as if fully set forth herein.

38. Officer Jackson knew that Plaintiff required immediate and ongoing medical services for his right eye infection yet Officer Jackson denied Plaintiff those services.

39. Officer Jackson acted with deliberate indifference by failing to properly arrange medical care for Mr. Loniello for his eye infection.

40. By failing to properly arrange medical care for Mr. Loniello, Officer Jackson acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

41. As a direct and proximate result of the acts and omissions of Officer Jackson,

Plaintiff was denied adequate treatment and suffered significant injury and damages.

42. Officer Jackson acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

43. As a direct and proximate result of the acts and omissions of Officer Jackson, Plaintiff was denied timely treatment and suffered significant injury and damages.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Officer Jackson, and to award Plaintiff compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT III

### VIOLATION OF 42 U.S.C. 1983:
### MONELL POLICY, CUSTOM & PRACTICE CLAIM
### FAILURE TO ADEQUATELY TREAT PRISONERS WITH EYE DISEASES AGAINST WEXFORD HEALTH SOURCES, INC.

44. Plaintiff re-alleges Paragraphs 1 through 30 as if fully set forth herein.

45. Wexford maintains a policy, custom and practice of denying adequate medical attention, care and treatment for inmates with eye diseases and illnesses.

46. Wexford can be held liable for Mr. Loniello's claims because Dr. Obaisi's and Wexford's constitutional violations against Mr. Loniello were caused by an official Wexford corporate policy that fails to provide adequate and critical ophthalmological services to prisoners with eye diseases and illnesses.

47. This corporate policy was the moving force behind the constitutional deprivation experienced by Mr. Loniello.

48. There are numerous other prisoners who were and are incarcerated in Stateville who have suffered from Wexford's policies.

49. Elements of Wexford's policy, custom and practice of denying adequate medical attention, care and treatment for inmates with eye diseases and illnesses include but are not limited to:

   a. Refusing to examine Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;

   b. Refusing to diagnose Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;

   c. Refusing to provide adequate medical care and treatment for Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;

   d. Refusing to provide adequate access to outside ophthalmologists to Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;

   e. Refusing to provide adequate delivery of eye medications to Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness; and,

   f. Training its staff to deny adequate medical attention, care and treatment for inmates with eye disease and illness.

50. Dr. Obaisi and other Wexford employees who encountered Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness were acting in the ordinary course of their employment, and within the scope of their employment, with Wexford.

51. Because Wexford intentionally and knowingly maintains a policy, custom and practice of denying adequate medical attention, care and treatment to Mr. Loniello and other inmates with eye diseases and illnesses, that policy constitutes deliberate indifference in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Wexford Health Sources, Inc., and to award Plaintiff proper relief, attorney's fees, and costs.

## COUNT IV

### NEGLIGENCE PURSUANT TO ILLINOIS LAW
### AGAINST WEXFORD HEALTH SOURCES, INC. AND
### GHALIAH OBAISI, INDEPENDENT EXECUTOR,
### ESTATE OF DR. SALEH OBAISI

52. Plaintiff re-alleges Paragraphs 1 through 30 as if fully set forth herein.

53. From May 19, 2015 through approximately May 18, 2016, Wexford and Dr. Obaisi, and their agents, servants and/or employees, were responsible for providing, and did provide, medical services, including but not limited to diagnosis and treatment, to the Plaintiff.

54. Wexford and Dr. Obaisi performed these services for the Plaintiff themselves and by directing physicians, nurses and assistants to perform those services.

55. At all times relevant hereto, there existed a duty on the part of Wexford and Dr. Obaisi, and their agents, servants and/or employees, to provide adequate medical care, diagnosis and treatment to its patients, including the Plaintiff.

56. Wexford and Dr. Obaisi, and their agents, servants and/or employees, were subject to a standard of care in the correctional health community by which their treatment of the Plaintiff is measured.

57. Physician, nurses and assistants who met the ordinary standard of care would have provided Plaintiff with proper medical care.

58. Wexford and Dr. Obaisi, and their agents, servants and/or employees, breached their duty and did not meet this standard of care, thereby causing the Plaintiff harm: blindness in one eye.

59. Contrary to its duty, Wexford and Dr. Obaisi, and their agents, servants and/or employees, were negligent of the following, and other, careless and negligent acts and omissions:

      a. Failed to properly assess and diagnose the Plaintiff's medical issues;

      b. Failed to refer Plaintiff to a specialist in a timely manner;

      c. Failed to comply with physicians' orders and medical direction provided by medical staff of two hospitals;

      d. Failed to place Plaintiff in an environment suited for his treatment;

      e. Caused and were responsible for delays in Plaintiff's treatment; and,

      f. Failed to dispense medications to Mr. Loniello.

60. Said acts and omissions fell below the ordinary standard of care.

61. Said acts and omissions deviated from the ordinary standard of care.

62. A resulting injury was proximately caused by the deviation from the standard of care.

63. As a direct and proximate result of one or more of the above-mentioned careless acts and omissions of Wexford and Dr. Obaisi, and their agents, servants and/or employees, Plaintiff was denied adequate treatment and suffered significant and irreversible injuries.

64. Pursuant to 735 ILCS 5/2-622, an attorney's affidavit (attached to which is the physician's health report) is attached as Exhibit 1.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against Ghaliah Obaisi, Independent Executor of the Estate of Dr. Saleh Obaisi, Deceased, and the Defendant Wexford Health Sources, Inc., and to award Plaintiff proper relief, attorney's fees, and costs.

**JURY DEMAND**

The Plaintiff requests a trial by jury.

                                        Respectfully submitted,

                                        MICKEY LONIELLO, JR.

                                        /s/  *David S. Lipschultz*
                                        David S. Lipschultz

David S. Lipschultz
Atty. No. 6277910
Law Offices of David S. Lipschultz
200 S. Michigan Avenue, Suite 201
Chicago, Illinois  60604
Telephone: 312-414-1778
David@dsllawoffice.com