UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICKEY LONIELLO, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 15 cv 7832 |
| | ) | |
| DR. SALEH OBAISI; | ) | Judge Sharon Johnson Coleman |
| WEXFORD HEALTH SOURCES, INC; | ) | |
| and OFFICER TASHA JACKSON; | ) | |
| | ) | |
| Defendants. | ) | |

**ATTORNEY AFFIDAVIT**

David S. Lipschultz, an attorney for the Plaintiff, having been sworn upon oath, states as follows:

    1.    I have consulted and reviewed the facts of this case with a physician who is licensed to practice medicine in all its branches. The physician was board certified in family practice from 1999 to 2007, when he voluntarily allowed it to lapse; he is currently board eligible in family practice. The physician practiced for the last six years in the medical field involved in this case. The physician is qualified by experience and training to render opinions herein. I reasonably believe that this physician is knowledgeable as to the relevant issues involved in this action.

    2.    The reviewing health professional has determined, as reflected in a written report, after review of medical records and other relevant material pertaining to this case, that there is a reasonable and meritorious cause for the filing of this complaint against Dr. Saleh Obaisi and Wexford Health Sources, Inc.

    Additionally, the reviewing health professional has determined that Dr. Saleh Obaisi and Wexford Health Sources, Inc., by and through their agents and employees, their physicians, fellows, residents, interns, nurses, and other agents and employees, failed to diagnose and properly treat Mr. Loniello's eye disease; failed to dispense medications to Mr. Loniello; failed to refer Plaintiff to a specialist in a timely manner; failed to comply with physicians' orders and medical direction provided by medical staff of two hospitals; failed to place Plaintiff in an environment suited for his treatment; and caused and were responsible for delays in Plaintiff's treatment.

    3.    I have concluded, on the basis of the health professional's review and consultation, that there is reasonable and meritorious cause for the filing the Fifth Amended Complaint in this lawsuit against Dr. Saleh Obaisi and Wexford Health Sources, Inc.

4. A copy of the written report of the reviewing health professional referred to herein is attached to this affidavit.

FURTHER AFFIANT SAYETH NOT.

*David S. Lipschultz*

SUBSCRIBED and SWORN before me this 20th day of April, 2018

*Karen L. May*
NOTARY PUBLIC

> OFFICIAL SEAL
> KAREN L MAY
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:08/08/18

David S. Lipschultz
Attorney No. 6277910
Law Offices of David S. Lipschultz
200 S. Michigan Avenue, Suite 201
Chicago, IL 60604
Telephone: 312-414-1778
Email: david@dsllawoffice.com

## Health Professional's Report

1. I am a physician licensed to practice medicine in all its branches and to practice or teach in the area of medicine applicable in this case.

2. I am knowledgeable in the relevant issues involved in this particular litigation.

3. I have practiced within the last 6 years in the same area of health care or medicine that is at issue in this particular action.

4. I am qualified by experience and have demonstrated competence and experience in the subject of this litigation, correctional health. I have been practicing in correctional health since 2005. I was a medical director at several prisons until 2009.

5. I am familiar with the standard of care for correctional care facilities, physicians, and nurses as it currently relates to issues of care and treatment of incarcerated individuals, like Mickey Loniello, Jr. ("Mr. Loniello").

6. I have read and reviewed medical records and documents including, but not limited to, the following:

    a. Stateville Correctional Center of the Illinois Department of Corrections
    b. University of Illinois, Chicago
    c. Presence St. Joseph Medical Center, Joliet, Illinois
    d. University of Illinois (Chicago) Hospital

7. Mr. Loniello was a resident of the Stateville Correctional Center of the Illinois Department of Corrections ("Stateville") from May 19, 2015 until May 18, 2016.

8. Dr. Saleh Obaisi and Wexford Health Sources ("Wexford"), by and through their agents and/or employees, their physicians, fellows, residents, interns, nurses and other agents and employees, were exclusively responsible for the medical care of Mr. Loniello during that time period.

9. During this time period, Dr. Obaisi and Wexford, by and through their agents and/or employees, their physicians, fellows, residents, interns, nurses and other agents and employees, denied proper care to Mr. Loniello, causing Mr. Loniello to lose his vision in his right eye.

10. Based upon my experience, training and knowledge and my review of the above records, it is my opinion, to a reasonable degree of medical certainty, that the care and treatment Dr. Obaisi and Wexford provided to Mr. Loniello while an inmate at Stateville fell below, and was a departure from, the ordinary standard of care and constituted negligence as follows:

    a. Failed to identify and assess significant changes in Mr. Loniello's physical appearance, specifically to his right eye, and including unusual discharge and redness, in May through July 2015;
    b. Failed to diagnose Mr. Loniello's eye disease in May through July 2015;

1

   c. Failed to timely refer Mr. Loniello to a specialist in May 2015 through May 2016;
   d. Failed to ensure there were no delays in Mr. Loniello's care and treatment in May 2015 through May 2016;
   e. Failed to develop, implement and revise a comprehensive care plan for Mr. Loniello once he developed eye disease, in May 2015 through May 2016;
   f. Failed to properly and adequately supervise and monitor Mr. Loniello's eye condition, in May 2015 through May 2016;
   g. Failed to ensure that Mr. Loniello was placed in an environment suited for the treatment of his eye disease, specifically the prison infirmary, at various time periods in May through July 2015, when eye drops were to be administered every hour; and a hospital with ophthalmological care providers;
   h. Failed to dispense medications, including but not limited to tobramycin and vancomycin, to Mr. Loniello as ordered by his ophthalmologists, in May through July 2015;
   i. Failed to ensure that Mr. Loniello received appropriate supervision and assistance with his eye medications in May through July 2015;
   j. Failed to maintain proper documentation of care and medications in May through July 2015;
   k. Failed to teach Mr. Loniello how to properly administer medications, and failed to monitor Mr. Loniello's administration of medications, in May through July 2015;
   l. Failed to communicate and coordinate among doctors and nurses regarding the care of Mr. Loniello, in May 2015 through May 2016;
   m. Failed to ensure that all physician orders were carried out for Mr. Loniello in May through July 2015, including but not limited to the scheduling of a follow-up appointment at the University of Illinois (Chicago) Medical Center on May 26, 2015;
   n. Failed to advocate for Mr. Loniello in May 2015 through May 2016; and
   o. Failed to assess and reassess Mr. Loniello's eye disease in May through July 2015.

11. It is my opinion that Mr. Loniello's injuries would not have occurred if Dr. Obaisi and Wexford had exercised ordinary care.

12. From my review of the medical records, I have determined that a reasonable and meritorious cause for filing a lawsuit against Dr. Obaisi and Wexford exists because Mr. Loniello's injuries as outlined above would not have occurred absent the departure from the ordinary standard of care by Dr. Obaisi and Wexford.

13. As a result of the failures of care by Dr. Obaisi and Wexford, Mr. Loniello lost his vision in his right eye.

Grady Judson Bazzel, M.D. CCHP
Correctional Care professional
April 20, 2018