IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LONIELLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 CV 7832 |
| | ) |
| OBAISI, et al., | ) Judge Sharon Johnson Coleman |
| | ) |
| Defendants. | ) |

### DEFENDANT TASHA JACKSON'S ANSWER TO PLAINTIFF'S
### FIFTH AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant TASHA JACKSON, by and through her attorney, LISA MADIGAN, Attorney General of Illinois, hereby answers Plaintiff's Fifth Amended Complaint as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution and 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871) to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action pursuant 42 U.S.C. § 1983, but denies that the filing in any way establishes that Plaintiff's rights were violated.**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

**ANSWER:** **Defendant admits that jurisdiction is proper.**

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this district.

**ANSWER:** **Defendant admits that venue is proper.**

1

PARTIES

4. Mickey Loniello Jr., Plaintiff, was confined, at all times relevant in this Complaint, at Stateville Correctional Center, an Illinois Department of Corrections facility.

**ANSWER:** **Defendant admits the averments of paragraph 4.**

5. Defendant, Ghaliah Obaisi, Independent Executor of the Estate of Dr. Saleh Obaisi, Deceased, is the administrator of the estate of Dr. Obaisi. Dr. Saleh Obaisi ("Dr. Obaisi"), oversaw the care of Mr. Loniello as the Medical Director at Stateville Correctional Center ("Stateville"). Dr. Obaisi was an employee of Defendant Wexford Health Sources, Inc., and is sued in his individual capacity. At the time of the incidents at issue in this Complaint, Dr. Obaisi was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

**ANSWER:** **Defendant admits that Ghaliah Obaisi is the Independent Executor of the Estate of Dr. Saleh Obaisi, but is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 5.**

6. Defendant Wexford Health Source, Inc. ("Wexford") is a Pennsylvania corporation that provides healthcare professionals and services to correctional facilities, including Stateville (and other Illinois correctional centers). Wexford was the provider of healthcare to the Plaintiff, Mr. Loniello, at Stateville at all times relevant. Wexford employed Dr. Obaisi as the Medical Director of Stateville. Wexford was the employer of the other doctors, nurses, and medical staff who treated Mr. Loniello.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 6.**

7. Defendant Officer Tasha Jackson ("Ms. Jackson") was, at all times relevant, a correctional officer at Stateville. Officer Jackson can be identified based on the fact that she worked in proximity to the Plaintiff, at the times complained of, on the 7:00 a.m. to 3:00 p.m. shift. Officer Jackson is sued in her individual capacity. At the time of the incidents at issue in this Complaint, Officer Jackson was engaged in the conduct complained of while acting within the scope of her employment and under color of law.

**ANSWER:** **Defendant denies that she violated Plaintiff's constitutional rights at any time, but admits the remaining averments of paragraph 7.**

8. All Defendants — individually and collectively — caused the Plaintiff to lose vision in his right eye, pursuant to these allegations.

**ANSWER:** **Defendant denies the averments of paragraph 8.**

FACTUAL ALLEGATIONS

9. On May 19, 2015, Mr. Loniello was incarcerated at Stateville.

**ANSWER:** **Defendant admits the averments of paragraph 9.**

10. That day, Mr. Loniello was provided with dirty and wet bedding supplies. Mr. Loniello asked a correctional officer for adequate bedding supplies; the officer denied this request.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 10.**

11. The next morning, on May 20, 2015, Mr. Loniello awoke with his right eye irritated. Mr. Loniello asked Officer Jackson for medical care. Officer Jackson denied his request. Later that night, Mr. Loniello informed a female nurse, who was distributing medications, that there was a serious problem with his right eye. The nurse refused to arrange medical care for Mr. Loniello.

**ANSWER:** **Defendant denies that she denied Plaintiff's request for medical care, but is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of paragraph 11.**

12. For three days the Plaintiff asked nearly every officer and nurse he saw for medical attention. Those requests were denied.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 12.**

13. During this time, both of Mr. Loniello's eyes were swollen shut.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 13.**

14. On May 23, 2015, in the night, a nurse escorted Plaintiff to Stateville's health care unit. A different nurse examined Mr. Loniello's eye using an officer's flashlight.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 14.**

15. That examining nurse then called Dr. Obaisi by telephone in Mr. Loniello's presence. The nurse described Mr. Loniello's eye condition to Dr. Obaisi. After the call ended the same nurse informed Mr. Loniello that Dr. Obaisi ordered him to be transferred to St. Joseph Medical Center in Joliet ("St. Joseph"), due to the severity of his eye problem

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 15.**

16. Warden Tarry Williams ("Warden Williams") of Stateville approved Mr. Loniello's transfer to St. Joseph.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 16.**

17. During an overnight stay, St. Joseph medical personnel diagnosed Mr. Loniello with a serious eye infection. However, St. Joseph medical professionals did not have the ophthalmological expertise to treat Mr. Loniello.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 17.**

18. On May 24, 2015, St. Joseph medical professionals discharged Plaintiff back to Stateville and informed Dr. Obaisi and others that St. Joseph was not able to treat Mr. Loniello's eye issues. St. Joseph informed Dr. Obaisi and others that Plaintiff needed immediate ophthalmological treatment.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 18.**

19. From Mary 24 through May 26, 2015, Dr. Obaisi and Warden Williams failed to secure the immediate ophthalmological treatment ordered by St. Joseph for Mr. Loniello. During this time period, Plaintiff complained in person to Assistant Warden Lamb ("Warden Lamb") of Stateville about the denial of medical care for his eyes. Warden Lamb did not arrange for Mr. Loniello to obtain medical care.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 19.**

20. On May 26, 2015, a health care provider at Stateville informed Dr. Obaisi that Mr. Loniello must be taken to a hospital for immediate ophthalmologic care. In response, Dr. Obaisi arranged for Plaintiff to be transported to St. Joseph– even though it was now known to Dr. Obaisi and Warden Williams that St. Joseph did not have the

proper ophthalmological medical care providers for Mr. Loniello's medical needs. Soon after arriving at St. Joseph, Mr. Loniello was transferred to University of Illinois at Chicago's eye clinic ("UIC").

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 20.**

21. On May 28, 2015, UIC medical personnel discharged Plaintiff. Upon discharge UIC medical personnel handed the Stateville correctional officers (who were escorting Mr. Loniello to and from the hospital) prescriptions for medications for Plaintiff's eye. Those officers later handed the prescriptions to a nurse at Stateville.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 21.**

22. However, for several days in early June, Dr. Obaisi did not provide Plaintiff with his prescribed medications.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 22.**

23. On June 1, 2015, during this time period without eye medications, Mr. Loniello informed one of Dr. Obaisi's nurses that he did not have his medications.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 23.**

24. On or about June 5, 2015, Mr. Loniello was transported from Stateville to the UIC eye clinic.

**ANSWER:** **Defendant admits the averments of paragraph 24.**

25. A doctor at UIC informed Mr. Loniello that since he was not receiving his medications at Stateville he was going to "lose" his right eye. The doctor wrote additional prescriptions for the Plaintiff and handed them to the Stateville officers escorting Plaintiff.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 25.**

26. Later, UIC medical personnel informed Mr. Loniello that he needed a cornea transplant.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 26.**

27. Dr. Obaisi did not act in a proper manner to ensure that Mr. Loniello obtained the transplant.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 27.**

28. Mr. Loniello filed several grievances and medical request slips with Warden Williams and Dr. Obaisi complaining of, and seeking, medical care.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 28.**

29. Mr. Loniello currently is unable to see out of his right eye.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 29.**

30. It is in this and other manners by which the Defendants caused the Plaintiff to lose vision in his right eye and to suffer related damages.

**ANSWER:** **Defendant denies the averments of paragraph 30.**

COUNT I
VIOLATION OF 42 U.S.C. 1983:
DENIAL OF TIMELY MEDICAL TREATMENT
AGAINST GHALIAH OBAISI, INDEPENDENT EXECUTOR

31. Plaintiff re-alleges Paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** **Defendant incorporates her answers to Paragraphs 1 through 30 as if fully set forth herein.**

32. Dr. Obaisi knew that Plaintiff required immediate and ongoing medical services for his right eye infection, yet Dr. Obaisi denied Plaintiff those services.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 32.**

33. Dr. Obaisi acted with deliberate indifference by failing to properly treat Mr. Loniello for his eye infection.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 33.

34. By failing to properly treat Mr. Loniello, Dr. Obaisi acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 34.

35. As a direct and proximate result of the acts and omissions of Dr. Obaisi, Plaintiff was denied timely treatment and suffered significant injury and damages.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 35.

36. As a direct and proximate result of the acts and omissions of Dr. Obaisi, Plaintiff was denied adequate treatment and suffered significant injury and damages.

**ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 36.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Ghaliah Obaisi, Independent Executor of the Estate of Dr. Saleh Obaisi, Deceased, and to award Plaintiff compensatory damages, punitive damages, attorney's fees, and costs.

**ANSWER:** Defendant denies that Plaintiff is entitled to the relief requested in this paragraph, or any relief whatsoever.

COUNT II
VIOLATION OF 42 U.S.C. 1983:
DENIAL OF TIMELY MEDICAL TREATMENT AGAINST
OFFICER TASHA JACKSON

37. Plaintiff re-alleges Paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** Defendant incorporates her answers to Paragraphs 1 through 30 as if fully set forth herein.

38. Officer Jackson knew that Plaintiff required immediate and ongoing medical services for his right eye infection yet Officer Jackson denied Plaintiff those services.

**ANSWER:** **Defendant denies the averments of paragraph 38.**

39. Officer Jackson acted with deliberate indifference by failing to properly arrange medical care for Mr. Loniello for his eye infection.

**ANSWER:** **Defendant denies the averments of paragraph 39.**

40. By failing to properly arrange medical care for Mr. Loniello, Officer Jackson acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

**ANSWER:** **Defendant denies the averments of paragraph 40.**

41. As a direct and proximate result of the acts and omissions of Officer Jackson, Plaintiff was denied adequate treatment and suffered significant injury and damages.

**ANSWER:** **Defendant denies the averments of paragraph 41.**

42. Officer Jackson acted willfully, deliberately, maliciously, or with reckless disregard for Mr. Loniello's clearly established constitutional rights.

**ANSWER:** **Defendant denies the averments of paragraph 42.**

43. As a direct and proximate result of the acts and omissions of Officer Jackson, Plaintiff was denied timely treatment and suffered significant injury and damages.

**ANSWER:** **Defendant denies the averments of paragraph 43.**

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Officer Jackson, and to award Plaintiff compensatory damages, punitive damages, attorney's fees, and costs.

**ANSWER:** **Defendant denies that Plaintiff is entitled to the relief requested in this paragraph, or any relief whatsoever.**

COUNT III
VIOLATION OF 42 U.S.C. 1983:
MONELL POLICY, CUSTOM & PRACTICE CLAIM
FAILURE TO ADEQUATELY TREAT PRISONERS WITH EYE
DISEASES AGAINST WEXFORD HEALTH SOURCES, INC.

44. Plaintiff re-alleges Paragraphs 1 through 30 as if fully set forth herein.

**ANSWER: Defendant incorporates her responses to paragraphs 1 through 30 as if fully set forth herein.**

45. Wexford maintains a policy, custom and practice of denying adequate medical attention, care and treatment for inmates with eye diseases and illnesses.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 45.**

46. Wexford can be held liable for Mr. Loniello's claims because Dr. Obaisi's and Wexford's constitutional violations against Mr. Loniello were caused by an official Wexford corporate policy that fails to provide adequate and critical ophthalmological services to prisoners with eye diseases and illnesses.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 46.**

47. This corporate policy was the moving force behind the constitutional deprivation experienced by Mr. Loniello.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 47.**

48. There are numerous other prisoners who were and are incarcerated in Stateville who have suffered from Wexford's policies.

**ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 48.**

49. Elements of Wexford's policy, custom and practice of denying adequate medical attention, care and treatment for inmates with eye diseases and illnesses include but are not limited to:
   a. Refusing to examine Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;
   b. Refusing to diagnose Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;
   c. Refusing to provide adequate medical care and treatment for Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;

d. Refusing to provide adequate access to outside ophthalmologists to Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness;

e. Refusing to provide adequate delivery of eye medications to Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness; and,

f. Training its staff to deny adequate medical attention, care and treatment for inmates with eye disease and illness.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 49.**

50. Dr. Obaisi and other Wexford employees who encountered Mr. Loniello and other Stateville prisoners concerning their complaints of eye disease or illness were acting in the ordinary course of their employment, and within the scope of their employment, with Wexford.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 50.**

51. Because Wexford intentionally and knowingly maintains a policy, custom and practice of denying adequate medical attention, care and treatment to Mr. Loniello and other inmates with eye diseases and illnesses, that policy constitutes deliberate indifference in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 51.**

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant Wexford Health Sources, Inc., and to award Plaintiff proper relief, attorney's fees, and costs.

**ANSWER:** **Defendant denies Plaintiff is entitled to the relief requested in this paragraph, or any relief whatsoever.**

COUNT IV
NEGLIGENCE PURSUANT TO ILLINOIS LAW
AGAINST WEXFORD HEALTH SOURCES, INC. AND
GHALIAH OBAISI, INDEPENDENT EXECUTOR,
ESTATE OF DR. SALEH OBAISI

52. Plaintiff re-alleges Paragraphs 1 through 30 as if fully set forth herein.

**ANSWER:** **Defendant incorporates her responses to paragraphs 1 through 30 as if fully set forth herein.**

53. From May 19, 2015 through approximately May 18, 2016, Wexford and Dr. Obaisi, and their agents, servants and/or employees, were responsible for providing, and did provide, medical services, including but not limited to diagnosis and treatment, to the Plaintiff.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 53.**

54. Wexford and Dr. Obaisi performed these services for the Plaintiff themselves and by directing physicians, nurses and assistants to perform those services.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 54.**

55. At all times relevant hereto, there existed a duty on the part of Wexford and Dr. Obaisi, and their agents, servants and/or employees, to provide adequate medical care, diagnosis and treatment to its patients, including the Plaintiff.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 55.**

56. Wexford and Dr. Obaisi, and their agents, servants and/or employees, were subject to a standard of care in the correctional health community by which their treatment of the Plaintiff is measured.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 56.**

57. Physician, nurses and assistants who met the ordinary standard of care would have provided Plaintiff with proper medical care.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 57.**

58. Wexford and Dr. Obaisi, and their agents, servants and/or employees, breached their duty and did not meet this standard of care, thereby causing the Plaintiff harm: blindness in one eye.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 58.**

59. Contrary to its duty, Wexford and Dr. Obaisi, and their agents, servants and/or employees, were negligent of the following, and other, careless and negligent acts and omissions:
   a. Failed to properly assess and diagnose the Plaintiff's medical issues;
   b. Failed to refer Plaintiff to a specialist in a timely manner;
   c. Failed to comply with physicians' orders and medical direction provided by medical staff of two hospitals;
   d. Failed to place Plaintiff in an environment suited for his treatment;
   e. Caused and were responsible for delays in Plaintiff's treatment; and,
   f. Failed to dispense medications to Mr. Loniello.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 59.**

60. Said acts and omissions fell below the ordinary standard of care.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 60.**

61. Said acts and omissions deviated from the ordinary standard of care.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 61.**

62. A resulting injury was proximately caused by the deviation from the standard of care.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 62.**

63. As a direct and proximate result of one or more of the above-mentioned careless acts and omissions of Wexford and Dr. Obaisi, and their agents, servants and/or employees, Plaintiff was denied adequate treatment and suffered significant and irreversible injuries.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 63.**

64. Pursuant to 735 ILCS 5/2-622, an attorney's affidavit (attached to which is the physician's health report) is attached as Exhibit 1.

**ANSWER:** **Defendant admits that an attorney affidavit and Health Professional's Report are attached to Plaintiff's Fifth Amended Complaint, but lacks sufficient knowledge or information to form a belief as to the truth of the contents of Exhibit 1.**

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against Ghaliah Obaisi, Independent Executor of the Estate of Dr. Saleh Obaisi, Deceased, and the Defendant Wexford Health Sources, Inc., and to award Plaintiff proper relief, attorney's fees, and costs.

**ANSWER:** **Defendant denies Plaintiff is entitled to the relief requested in this paragraph, or any relief whatsoever.**

## JURY DEMAND

Defendant Jackson demands a trial by jury.

## AFFIRMATIVE DEFENSES

1. Defendant Jackson was performing a discretionary function and her conduct did not violate Plaintiff's clearly established statutory or constitutional rights, of which a reasonable person would have known. Thus, Plaintiff is precluded from recovering monetary damages under the doctrine of qualified immunity.

2. Plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997(e).

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: *s/ Colleen M. Shannon*
COLLEEN M. SHANNON
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-4450
cshannon@atg.state.il.us